JOHNATHAN HILLMAN,              )
    Plaintiff,              )
                   )
      v.              )             <u>ORDER</u>
                   )
CLEVELAND COUNTY SUPERIOR      )
  COURT JUDGE; and            )
CLERK OF SUPERIOR COURT OF     )
  CLEVELAND COUNTY,           )
    Defendants.             )
_____)

**THIS MATTER** comes before the Court on plaintiff's civil rights action under 42 U.S.C. §1983, filed July 15, 2005.

As best as can be determined, the plaintiff's Complaint is an attempt to challenge a North Carolina court's decision to dismiss his petition for a legal name change.  That is, the plaintiff's Complaint reports that on June 27, 2005, he discovered that "the Judge dismiss[ed] me for a law name change . . . "; and that he wants this Court to "please help [him] get [his] name change . . . ."  Suffice it to say, however, the instant Complaint must be <u>dismissed</u>.

Indeed, the law is well settled under the Rooker-Feldman Doctrine that lower federal courts, such as this one, do not have jurisdiction to review challenges to state court proceedings, except in <u>habeas corpus</u> actions--that is, in actions which challenge the legality of state court convictions.  <u>Jordahl v.</u>

Democratic Party of Virginia, 122 F.3d 192, 199 (4th Cir. 1997);

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,

482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16

(1923).

To be sure, abstention is required even when the plaintiff

is complaining or, as here, otherwise suggesting that the state

court's decision violates his constitutional rights.  Feldman,

460 U.S. at 486.  Under such circumstances, "[t]he Feldman

decision clearly establishes the appropriate path of review as

first up to the State's highest court and then directly to the

Supreme Court of the United States."  Mazur v. Woodson, 932 F.

Supp. 144, 148 (E.D. Va. 1996) ("District courts have no authori-

ty over state court decisions.").

Accordingly, inasmuch as the plaintiff apparently is asking

this Court to invalidate the decision of the Superior Court of

Cleveland County concerning his petition for a legal name change,

such action must be dismissed for lack of subject matter juris-

diction.

Finally, it has not escaped the Court's attention that the

plaintiff is attempting to sue a State judge.  However, in the

absence of a request for prospective relief, as is missing from

this case, the instant Superior Court Judge would be entitled to

absolute immunity from the plaintiff's action.  Moreover, the

plaintiff is attempting to sue a clerk of court against whom he

has not even bothered to set forth a single allegation.  Conse-
quently, even if this Court had jurisdiction to entertain this
litigation, such Complaint likely would be subject to summary
dismissal in any event.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint
is **DISMISSED.**

**SO ORDERED.**

**Signed: July 27, 2005**

Graham C. Mullen
Chief United States District Judge